GEORGE W. HYNSON & CO. *v.* OLIVER P. WHEELER AND OWNERS OF SHIP JOHN SIDNEY.

A demand for a certain sum of money, as commission on an amount collected by plaintiff for defendant, gives the latter the right to reconvene for the sum of money in plaintiff's hands, on which he charges his commission.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J.
*Durant & Hornor,* for plaintiff and appellant. *Benjamin, Bradford & Finney,* for defendant.

52

MERRICK, C. J. The plaintiffs, ship agents in New Orleans, commenced a suit by attachment against the defendants, for the sum of $1034 55, for disbursements on account of said ship. One of the items in the account is a charge of $150, " commission on amount of charter from New York $3000, at five per cent."

The defendants reconvened and claimed the sum of $3000, the amount due upon the charter of the ship collected by the plaintiffs.

Plaintiffs excepted to the reconventional demand, on the ground that it was not necessarily connected with, and incidental to plaintiffs' demand. But the exception was overruled, and they thereupon answered the demand in reconvention, and pleaded in reconvention to the reconvention.

The defendants had judgment for $19 93, and plaintiffs appeal. They present the question to this court, whether there was not error in admitting the reconventional demand? And further, whether the court did not err in its conclusions on the facts?

On the first of these questions, it appears to us to be clear, that the demand of one hundred and fifty dollars as commissions on $3000 collected by plaintiffs for defendants on the charter party, gives the latter the right to reconvene for the very sum of money in plaintiffs' hands, on which he charges his commissions. The reconventional demand is necessarily connected with, and incidental to plaintiffs' demand, in the sense of Art. 375 of the Code of Practice. It is necessarily connected with plaintiffs' demand, and incidental to it, because it presents the question whether plaintiff can retain the principal sum, out of which his commissions should be deducted, and recover the commissions besides.

On the merits, it is shown that the charterer selected his own stevedore, and under the testimony, we cannot say that the District Judge erred in his conclusions on the facts of the case.

Judgment affirmed.

LAND, J., absent.