On Application for Rehearing.
LAND, J.
We have perused with attention and duly considered the brief filed on behalf of Mr. and Mrs. Owen Reidy.
We held that the deed in favor of the Board of Church Erection Fund was intended as a mortgage or security. It is in the form of a common-law deed of mortgage, with the important qualification, however, that on the default of the mortgagor the property was to be sold by judicial process, and the proceeds applied to the payment of the debt, and any overplus delivered to the mortgagor. The instrument has all the earmarks of a contract for the purpose of securing the payment of money loaned, and the mere use of words of conveyance cannot destroy the real nature of the contract.
At common law there is a broad distinction between conditional sales and mortgages. The latter have always, though in the form of a defeasible sale, been considered in equity as a security. 15 Am. & Eng. Enc. Law, 779. The mere perusal of the instrument in question will convince any intelligent reader that it was the intention of the parties to pledge or hypothecate the property to secure a loan of money. The deed so recites, and the rights of the grantee in case of default are limited to a sale of the property for the purpose of paying the debt. Whether the act was passed in or out of the state cannot affect the intention of the parties as shown by the language used to express their meaning. The law prescribes no special form for acts of mortgage. The question is whether, on the face of the instrument, it was intended as a sale or as a security. There can be but one answer, because the parties say what their intent was.
It is contended that the court erred in allowing the legal rate of interest from the date of the loan. This question was maturely considered by us, and we came to the conclusion that, as the contract stipulated the payment of interest, and did not fix any rate, the legal rate was intended. We find that this doctrine is well recognized and is thus expressed: “Generally, where there is a contract fqr interest without specifying any rate, the rate allowed will be according to the law of the place of contract for its payment. Where the place of payment is not'expressed or implied in the contract, the law will presume that it was to be paid at the place where it was made, and the law of that place will govern.” 11 Am. & Eng. Ency. Law (1st Ed.) 418 et seq.
As the rate of interest fixed by law is read into the contract, it is sufficiently certain to be covered by the mortgage. “Id est certum quod pótest reddi certum.”
We held that the property 1021 Soniat street was acquired by the church as trustee of the Auch fund. Counsel admit that this ruling is in accordance with equity jurisprudence, but say that our courts are not governed by that system. “Our courts are at once courts of equity and courts of law.” 1 Hennen’s Digest, verbo “Equity,” p. 479. In Clarke v. Peak, 15 La. Ann. 409, this court said: “And the courts of this state are also vested with an equitable jurisdiction in cases where the law is silent. Civ. Prac. art. 130.” This court rendered a judgment in favor of the church, as trustee, against Owen Reidy, and the lot was acquired in execution of that judgment. Neither the church nor Owen Reidy can question the trust nature of the property so acquired, and no innocent third person has acquired any claim against or interest in said lot.
It is true that Mrs. Reidy obtained an ir *363 regular judgment against the church for money used by her husband in the improvement of said property, but her judgment was purely in personam. The improvements belonged to the community, and her claim was against her husband and the community on its dissolution.
As to the registry of the unsigned judgments of Mr. and Mrs. Reidy, this court has heretofore held that such registry did not operate a judicial mortgage. Marchal v. Hooker, 27 La. Ann. 454. Mrs. Reidy’s judgment was also recorded after the appointment of the receiver, and therefore conferred no preference on her. Bell v. Railroad Co., 34 La. Ann. 785.
On a reconsideration we are of opinion that, as the church has not paid Mrs. Reidy anything on her judgment, the amount of the same should not have been deducted from the judgment in favor of Owen Reidy.
We overlooked several small items of costs, which should have been allowed.
It is therefore ordered that our former decree be amended as follows, viz.; By. recognizing Owen Reidy as an ordinary creditor for the sum of $3,314.06, less $298.57 and $1,825, with legal interest on the balance from May 5, 1902, and for the further sum of $59.80 costs paid; and by recognizing Mrs. Owen Reidy as an ordinary creditor for the further sums of $48.80 and $146, costs paid.
And it is further ordered that with the above modifications of our decree the application for a rehearing be refused.